Agustin **ROSELLO BRAS**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 4967.

United States Court of Appeals First Circuit.

Sept. 9, 1955.

Agustin Rosello Bras, pro se, on brief.

Ruben Rodriguez-Antongiorgi, U. S. Atty., and Luis Domingo. Miranda, Asst. U. S. Atty., San Juan, Puerto Rico, on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying a motion under 28 U.S.C. § 2255 for correction of a criminal sentence.

Appellant pleaded guilty to an indictment in four counts, each charging a separate narcotics offense under 26 U.S.C. §§ 2591(a) and 2593(a). Sentences of imprisonment were imposed, to run consecutively, which in the aggregate exceeded the statutory maximum of five years for a single offense, in the case of a first offender. See 26 U.S.C. §§ 2557 (b) (1) and 2596. However, "each offense is subject to the penalty prescribed; and, if that be too harsh, the remedy must be afforded by act of Congress, not by judicial legislation under the guise of construction". Blockburger v. United States, 1932, 284 U.S. 299, 305, 52 S.Ct. 180, 182, 96 L.Ed. 306.

At the hearing before the District Court prior to the imposition of sentences the United States Attorney did not claim that the defendant had ever been previously convicted of a narcotics offense, and did not ask that defendant be sentenced as a second offender under § 2557(b). However, the United States Attorney did call the Court's attention to the fact, which defendant made no effort to controvert, so far as appears, that defendant "is, in my opinion, the largest marihuana trafficker who has ever come

before this court for sentence", and the court was entitled to take this representation into account in the exercise of its discretion in determining the appropriate sentences to be imposed, within statutory limits, for the four separate offenses to which the defendant had pleaded guilty. In this connection, the District Court stated to the convicted man: "You are rated as the biggest trader in marihuana in this peaceful island. You did big business, made a lot of money, at the expense of corrupting the moral standards of our citizens. Casual peddlers, small traffickers, the little fellows in this horrible trade, have been receiving stiff sentences. This Court would not be performing its duty to society, if you were to receive a more lenient treatment."

There appearing to be no error of law, the order of the District Court is affirmed.